UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, *ex rel.*, Elaine Van Voris, Peter Van Voris, and John Johnston,<br><br>　　　　　Plaintiffs/Relators,<br><br>v.<br><br>GenPhar, Inc.; Jian-yun Dong a/k/a John Dong; Danher Wang; Heung Yeung Yeung, Estate of William T. Ratliff, Jr.; Vaxima, Inc.; and Robert "Tex" S. Small, Jr.,<br><br>　　　　　Defendants. | C/A No. 2:09-CV-0005-RMG-KDW<br><br><br>ORDER |

Defendant Dong appeared pro se and filed a Motion to Stay and for Extension of Time to Answer on his own behalf and as a "representative" of Defendant GenPhar. ECF No. 85.[1] Dong requested the matter be stayed because, *inter alia*, a related criminal matter remains pending and neither Dong nor GenPhar has funds to obtain legal representation. *Id.* Relators opposed the request to stay, arguing the issues remaining in the criminal matters do not require a stay of this 2009 civil proceeding. ECF No. 102.[2] Because corporate defendants such as GenPhar are not permitted to appear pro se and must be represented by counsel in court, GenPhar was instructed to obtain counsel by July 15, 2016. ECF No. 96 ("[N]o later than **July 15, 2016**, Defendant GenPhar Inc. *must* have retained counsel licensed to practice in this District and that counsel is to have filed a formal appearance in this case. *If Defendant GenPhar Inc. fails to retain licensed

---

[1] Because a pro se party has appeared, this matter has been referred to the undersigned for all pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2)(e) (D.S.C.). ECF No. 93.

[2] The government brought a related criminal matter against Dong, GenPhar, and Vaxima captioned *United States v. Dong, et al.*, Cr. No. 2:11-cr-511-BHH. *See* Relators' Opp'n to Def. Dong's Mot. Dism. and Mot. to Join, ECF No. 126.

*counsel who files an entry of appearance within this deadline, it may be recommended that default be entered against it.*") (emphases in original). No counsel entered an appearance for GenPhar. Instead, Dong filed another Motion for Extension of Time, again ostensibly on behalf of both Dong and GenPhar. ECF No. 119. Again, Dong and GenPhar submitted that the matter should be stayed because of pending criminal proceedings and because Dong and GenPhar are without financial resources to obtain counsel. *Id.* Relators again opposed the Motion, indicating there is no reason the matter could not proceed as to Dong and requesting that GenPhar be found to be in default because counsel had not appeared. ECF No. 120. Relators' counsel requested entry of default as to GenPhar and as to corporate Defendant Vaxima, Inc.,[3] which the Clerk of Court entered as a matter of course. ECF Nos. 127, 128.

Because Defendant Dong has filed a Motion to Dismiss the Complaint, ECF No. 123, his requests for extending time to respond to the Complaint are moot. As noted above, Dong cannot represent GenPhar, so any request he has made on GenPhar's behalf is also moot. GenPhar is in default. Both the Motion to Stay or Extend Time, ECF No. 85, and the Motion to Extend Time, ECF No. 119 are *denied as moot.*

IT IS SO ORDERED.

*[signature: Kaymani D. West]*

October 27, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

---

[3] Vaxima, Inc. was served by Relators, but has never entered an appearance in this matter nor has any pro se individual such as Dong attempted to enter an appearance on Vaxima's behalf.

2