IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, *ex rel.*, Elaine Van Voris, Peter Van Voris, and John Johnston,<br><br>        Plaintiffs/Relators,<br><br>v.<br><br>GenPhar, Inc.; Jian-yun Dong a/k/a John Dong; Danher Wang; Heung Yeung Yeung, Estate of William T. Ratliff, Jr.; Vaxima, Inc.; and Robert "Tex" S. Small, Jr.,<br><br>        Defendants. | Civil Action No. 2:09-cv-0005-BHH<br><br>**ORDER** |

Plaintiffs/Relators Elaine Van Voris, Peter Van Voris, and John Johnston (collectively "Plaintiffs" or "Relators") filed this qui tam action under the False Claims Act, 31 U.S.C. §§ 3729 – 3733 ("FCA"), on January 2, 2009. The complaint was not served at that time and remained sealed until April 1, 2016. Additionally, the case was stayed during much of this time. On March 30, 2016, the date on which the Court's stay ended, the Government provided notice pursuant to 31 U.S.C. § 3730(b)(4)(B) that it would not intervene. (ECF No. 69.) The Government also requested that the matter be unsealed and that the Relators be given 60 days within which to "serve the Relator's Complaint or reach a settlement with the United States." (*Id.*) The stay was not renewed, and in an Order dated April 1, 2016, United States District Judge Richard M. Gergel lifted the seal as to the Complaint and "all other papers filed in this action" and ordered that the Relators serve the Complaint upon Defendants within 60 days of the Order. (ECF No. 70.)

The Relators served the Complaint on Defendants GenPhar, Inc. ("GenPhar"); Jian-yun Dong ("Dong"); Vaxima, Inc. ("Vaxima")"; and Robert Tex S. Small, Jr. ("Small"). The Relators obtained a waiver of service from Defendant William T. Ratliff, Jr. ("Ratliff"), who is now deceased, and Ratliff's Estate is now a party Defendant. It does not appear that Defendants Danher Wang or Heung Yueng Yeung were served.

Defendants Small and Ratliff each filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 99 and 104, respectively). Defendant Dong appeared pro se and filed a motion to stay and for extension of time to answer on his behalf and as a "representative" of Defendant GenPhar. (ECF No. 85.) Subsequently, Dong filed another motion for extension of time, again ostensibly on behalf of GenPhar. (ECF No. 119.) The Court instructed Defendants Dong and GenPhar that GenPhar must be represented by counsel and ordered GenPhar to obtain counsel no later than July 15, 2016. When GenPhar failed to do so, the Relators filed a request for entry of default, which the Clerk entered against GenPhar on August 23, 2016. In the meantime, Dong also filed a motion to dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and a motion to join in and supplement the motions to dismiss filed by Defendants Small and Ratliff. (ECF Nos. 123 and 124, respectively.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a United States Magistrate Judge for pretrial proceedings. On October 5, 2016, Magistrate Judge Kaymani D. West filed a report and recommendation ("Report") addressing Defendant Small's and Defendant Ratiff's motions to dismiss. In her Report, the Magistrate Judge recommends that the Court grant these Defendants' motions to dismiss; however, the Magistrate Judge also recommends that the

2

Court hold the dismissals in abeyance for a 14-day period during which the Relators may submit an amended complaint supplementing the shortcomings addressed in her Report.

Subsequently, on October 27, 2016, the Magistrate Judge issued a second Report addressing Defendant Dong's motion to dismiss and his motion to join the motions to dismiss filed by Small and Ratliff. In her second Report, the Magistrate Judge recommends that the Court grant Dong's motion to dismiss but hold the dismissal in abeyance for a 14-day period during with the Relators may submit an amended complaint. The Magistrate Judge also recommends that the Court deny Dong's motion to join in and supplement the motions to dismiss filed by Defendants Small and Ratliff.

Attached to the Magistrate Judge's Reports was a notice advising the parties of the right to file written objections to the Reports within 14 days of receiving them. To date, however, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. **Finding none, the Court hereby adopts the Magistrate Judge's Reports (ECF Nos. 136 and 144). Accordingly, the Court grants the motions to dismiss filed by Small, Ratliff, and Dong (ECF Nos. 99, 104, and 123). However, the Court holds the dismissals in abeyance for a period of 14 days during which time the Relators may file an amended complaint addressing the issues outlined in the Magistrate Judge's Reports. The Court also denies Dong's motion to join in and supplement the motions to dismiss filed by Small and Ratliff (ECF No. 124).**

Finally, the Court notes that Defendant GenPhar has now retained counsel and has filed a motion pursuant to Rule 55(c) of the Federal Rules of Civil Procedure for relief from the entry of default entered on August 23, 2016. Pursuant to Rule 55(c), the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). After consideration, and in light of the complicated nature of this case as well as the fact that the Relators may file an amended complaint, the Court finds good cause to set aside the entry of default. **Accordingly, the Court grants Defendant GenPhar's motion to set aside entry of default (ECF No. 157).**

**IT IS SO ORDERED.**

                                                          s/Bruce Howe Hendricks
                                                          Bruce Howe Hendricks
                                                          United States District Judge

May 31, 2017
Charleston, South Carolina